IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNNIE WOODS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 16 C 2192 |
| | ) |
| RANDY PFISTER, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This matter is before the court on Petitioner Johnnie Woods' (Woods) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254 (Section 2254). For the reasons stated below, the Petition is denied.

## BACKGROUND

In October 2001, Woods was convicted of first degree murder in state court and was sentenced to 52 years imprisonment. In May 2004, Woods' sentence and conviction were affirmed by the Illinois Appellate Court. Woods did not file a petition for leave to appeal (PLA). In November 2004, Woods filed a post-conviction petition alleging that his trial counsel was ineffective. The trial court dismissed the post-conviction petition and the appellate court affirmed. Woods then filed a PLA with the Illinois Supreme Court, and the PLA was denied on January 20,

1

2016. On February 11, 2016, Woods filed the instant petition. Respondent has filed an answer and opposes the Petition.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to Section 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

**DISCUSSION**

This court has liberally construed Woods' *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition [wa]s entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago*, *Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). Wood asserts in the Petition: (1) that the Illinois Appellate Court erred on direct appeal in ruling that Woods did not receive ineffective assistance of counsel at trial (Claim 1), and (2) that the Illinois Appellate Court violated his due process rights on his post-conviction appeal when it ruled that he had forfeited certain claims by not raising them in his post-conviction petition (Claim 2).

I. Claim 1

Respondent argues that Claim 1 is barred pursuant to 28 U.S.C. § 2254(d) because Petitioner's ineffective assistance of counsel claim was adjudicated on the merits in state court. Pursuant to 28 U.S.C. § 2254(d), this Court may not grant relief unless it finds that the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).

As indicated above, Woods argues in Claim 1 that the Illinois Appellate Court erred on direct appeal in ruling that Woods did not receive ineffective assistance of counsel at trial. To show ineffective assistance of counsel, a petitioner must establish that: "(1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result." *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)); *see also McElvaney v. Pollard*, 735 F.3d 528, 532 (7th Cir. 2013)(stating that "[i]n evaluating an attorney's performance, courts must defer to any strategic decision the lawyer made that falls within the wide range of reasonable professional assistance, even if that strategy was ultimately unsuccessful")(internal quotations omitted)(quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)); *Wyatt*, 574 F.3d at 457-58 (stating that a "movant must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" and "[h]e must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance"). The Illinois Appellate Court already address Claim 1 and reasonably held that Petitioner failed to show that counsel's performance was deficient or prejudicial. Therefore, relief is unavailable under § 2254(d). The court also notes that even if Claim 1 was not barred, Claim 1 lacks any merit.

II. Claim 2

As indicated above, Woods argues in Claim 2 that the Illinois Appellate Court

4

violated his due process rights on his post-conviction appeal when it ruled that he had forfeited certain claims by not raising them in his post-conviction petition. Woods contends the Illinois Appellate Court did not properly apply Illinois Court rule. Respondent argues that Claim 2 is not a cognizable federal habeas claim because it does not have a federal constitutional basis. A state prisoner may obtain habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984)(stating that "[a] federal court may not issue the writ on the basis of a perceived error of state law"). The Seventh Circuit has made clear that allegations that "the State may have failed to comply with its post-conviction procedures [does] not raise a cognizable federal habeas claim." *Resendez v. Smith*, 692 F.3d 623, 628 (7th Cir. 2012). Therefore, Claim 2 is not a cognizable claim. The court also notes that even if Claim 2 was not barred, Claim 2 lacks any merit.

III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Woods has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Woods shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Woods decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted, and is denied.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 11, 2017